Mr. Justice Clayton
delivered the opinion of the court.
This is a writ of error to a decree of the supreme court of chancery, rendered upon proceedings had against an absent, debtor, under the statute enacted to regulate the method of proceeding in courts of equity against absent debtors. In all its essential features, the case is not distinguishable from that of Comstock v. Rayford, 1 S. & M. 423. The jurisdiction of the court of equity was there fully sustained; and there as here the complainants were non-residents. We shall not go again into the reasoning, to sustain the jurisdiction, as we see nothing, when the parties are situated as in these cases, to shake our confidence in the conclusion we then reached.
There was proof of publication in the Southron newspaper, and of the posting of a copy of the order, at the front door of the court room, in pursuance of a-direction of the court in conformity with the statute. The bill was taken for confessed, the bill of exchange produced on which the indebtedness arose, and all the requisites of the law, previous to the decree, complied with.
In the decree itself there is an omission on the part of the court, to require the complainants “ to give security for abiding such future order as might be made for restoring the estate or effects to the absent defendant, upon his or their appearance, and answering the bill.” The decree should have required this security to be given, or upon failure to do so should have made the alternative order required by the statute. For this error, the decree will be reversed. We have heretofore decided, that it is error for the probate court to decree a distributive share, without *58 requiring a refunding bond with surety in cases coming within the purview of the statute. Benoit v. Brill, 7 S. & M. 37.
We have felt some hesitation whether, on reversing the decree, we should not direct the proper decree to be entered here, instead of remanding the cause. But as the plaintiff in error may be within the provisions of the statute, authorizing the opening of the decree, by appearance and entering security for the costs, we conclude it is better to remand it for farther proceedings. See Hutch. Code, 765.
Decree reversed and cause remanded.